NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1245
_____

UNITED STATES OF AMERICA

v.

THOMAS PARKER,
a/k/a Seagull


THOMAS PARKER,
                                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 4-06-cr-00175-008)
District Judge:  The Honorable Christopher C. Conner

Submitted Under Third Circuit L.A.R. 34.1(a)
December 10, 2012

BEFORE:  GREENAWAY, Jr., NYGAARD, and VAN ANTWERPEN, *Circuit Judges*


(Filed: January 11, 2013)


_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

Thomas Parker appeals the District Court's denial of his motion to reduce his sentence. Counsel for Parker has moved to withdraw and filed an *Anders* brief, asserting that there are no non-frivolous issues for appeal. *Anders v. California*, 386 U.S. 738, 744 (1967). We will affirm the District Court's order and grant counsel's motion to withdraw.

Parker pleaded guilty to one count of distributing and possessing with intent to distribute in excess of 50 grams of cocaine base, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The plea agreement stated, in a general manner, that the United States Sentencing Guidelines apply, and that giving substantial assistance to the Government and accepting responsibility could result in offense-level reductions. It did not, however, provide any details on how the sentence would be calculated. The agreement required Parker to promptly raise any objections to the presentence report, and this specifically included any issues with sentencing classifications.

The presentence report gave Parker a base offense level of 34 under United States Sentencing Guidelines Section 2D1.1(c)(3). He received a three-level reduction for accepting responsibility. Parker had 22 criminal history points, giving him a criminal history category of VI. The presentence report also classified him as a career offender under section 4B1.1 because he was 33 years old, had committed a drug felony, and had two prior felonies. This, too, gave Parker a base offense level of 34. The resulting sentencing range was 188 to 235 months.

The presentence report explicitly noted that, in the absence of a plea agreement, a conviction on all counts in Parker's indictment would have resulted in a maximum

sentence of life. Moreover, the report stated that, under the career offender provision of the Guidelines, his base level offense would have been 37 and, with a criminal history category of VI, his sentencing range would have been 360 months to life.

Parker did not file any objections, nor did he raise any at the sentencing hearing. The District Court sentenced Parker to 188 months of imprisonment. The District Court did not explicitly state whether it was deriving Parker's base offense level from section 2D1.1 of the Guidelines, or from the career offender provision. The District Court merely stated that it was adopting the presentence report without change.

Post-sentencing, Parker filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2), in accord with Amendment 706 that lowered base offense levels for crack cocaine offenses. He argued that, under the retroactive amendment to the Guidelines, his base offense level would be 32, with an additional three-level reduction for accepting responsibility.[1] The District Court denied the motion, ruling that it sentenced Parker as a career criminal and did not base the sentence on section 2D1.1.

Under *Anders v. California*, counsel can ask to withdraw from representing an indigent criminal defendant on appeal if there are no non-frivolous issues to appeal. We exercise plenary review. When counsel files a motion under *Anders*, we must determine first, whether counsel fulfilled Third Circuit LAR 109.2(a)'s requirements; and second, whether our independent review reveals any non-frivolous issues.

---

[1] He also argued in a footnote that, in light of the November 1, 2011 retroactive amendments to section 2D1.1 (Amendment 750), his base offense level should be reduced to 28, with an additional three-level reduction for acceptance of responsibility.

We judge counsel's brief to be adequate. He raises the proper standard of review and he identifies and analyzes the only appealable issue in this case.

The District Court did not explicitly state that it was calculating the sentence based on the career offender provision of the Guidelines. Yet, Parker cannot produce any evidence that the District Court explicitly derived the base offense level from section 2D1.1. Moreover, the District Court denied Parker's motion because: the presentence report classified him as a career offender; the report referenced the career offender sentence range that could have applied in the absence of a plea agreement without even mentioning the sentence that could be imposed under 2D1.1; the District Court accepted the presentence report without change; and Parker did not object to the report or the career offender classification. We conclude that it did not err by deciding that Parker was sentenced as a career offender. As such, Parker has no basis to argue under the Amendments to the Guidelines that his sentence should be reduced. We also note that his sentence is at the bottom of the Guidelines range.

For these reasons, we agree with counsel that there are no non-frivolous issues for appeal in this case. Accordingly, we will affirm the District Court's order denying Parker's motion for a reduction of his sentence and grant counsel's motion to withdraw. Counsel is also relieved of any obligation to file a petition for a writ of certiorari in the United States Supreme Court. *See* Third Circuit LAR 109.2(b).